```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                   :
DWIGHT ASHMAN,                     :
                                   :  Civil Action No. 13-1365 (RMB)
            Petitioner,            :
                                   :
        v.                         :  MEMORANDUM OPINION AND ORDER
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            Respondent.            :
_____:
```

This matter comes before the Court upon the Court's sua sponte review of Petitioner's online records maintained by the Bureau of Prisons ("BOP").

On August 1, 1996, Petitioner, an alien, was convicted of an aggravated felony. That conviction caused his removal from the United States on June 20, 1997. Nothing in the terms of his removal indicated the Government's consent to Petitioner's reentry to the United States without prior authorization for such reentry. However, on April 17, 2009, Petitioner was located in the United States after reentering the United States illegally. Therefore, on April 23, 2010, Petitioner was charged with illegally reentering the United States after his removal subsequent to his conviction for an aggravated felony. About five months later he pled guilty to that charge without the benefit of a plea agreement. On November 1, 2011, this Court sentenced Petitioner to twenty-four months of imprisonment. His federal term was directed to run concurrently to the state term

imposed by the state court on the basis of Petitioner's other offense committed after his illegal reentry. On August 8, 2012, Petitioner filed with the Clerk an application styled as a motion seeking relief under Civil Rule 60(b) and Criminal Rule 52(b). In that application, he asserted that his sentence was rendered erroneously, that he received ineffective assistance of counsel and that his prosecutor committed misconduct. Respondent filed its opposition to Petitioner's application arguing that no relief was warranted, and that Petitioner's challenges were, de facto, of a § 2255 nature.[1] Petitioner traversed raising the arguments substantively indistinguishable from those initially raised. He also requested re-characterization of his application into a § 2255 motion. Correspondingly, the matter at bar was commenced.

---

[1] Respondent's swift opposition to Petitioner's application, being joined with Respondent's position that Petitioner's claims were essentially of § 2255 nature, inadvertently created "the cart before the horse" effect since, in habeas proceedings: (a) there is no compulsory obligation to respond; (b) unless the motion appears barred on its face procedurally/jurisdictionally, the district court is first obligated to inform the litigant of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and allow him an opportunity to withdraw his original motion and to file an all-inclusive application in its place; and only then (c) the court directs the respondent's answer to that all-inclusive application (or to the original motion if no all-inclusive application is filed) and the litigant is allowed to traverse. Here, Respondent's oppodiyion caused this Court's issuance of the Miller notice after the answer, hence necessitating Respondent's "re-answer" after Petitioner filed his statement requesting re-characterization of his initial application into a § 2255 motion. However, in light of the latest developments, as detailed infra, this Court finds it warranted to dispense with Respondent's re-answer.

The Court's review of Petitioner's online information indicated that his sentence under attack had expired, and he was released (and, presumably, removed from the United States anew) on July 29, 2013.  See http://www.bop.gov/inmateloc/.  Therefore, the substantive challenges raised in his § 2255 motion yielded to the threshold inquiry as to whether his motion became moot in its entirety as a result of his release/removal.

At this juncture, it appears that Petitioner's claims have been rendered moot, since: (a) his challenges are attacking solely his sentence, not his conviction; and (b) nothing in the record suggests that Petitioner is threatened with or suffered an injury traceable to this Court's decision that could be remedied by a favorable decision at this juncture.  See, e.g., Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002) (noting that the petitioner "must demonstrate that he has suffered or is threatened with an actual injury traceable to the District Court's decision that can be redressed by a favorable decision here") (citation omitted); see also Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-03 (1998) ("[T]he point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention'") (citation omitted); accord Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that

respondents cannot benefit from the judgment they seek . . . . 'When you got nothing, you got nothing to lose'") (quoting, with correction of grammar, Bob Dylan, Like A Rolling Stone, in On Highway 61, Revisited (Columbia Records 1965)).  Indeed, it appears that, even if this Court were to modify Petitioner's sentence as Petitioner requested, he would not receive a tangible benefit of such decision, e.g., he would not be allowed reentry into the United States, etc.  Cf. Okereke, 307 F.3d at 119, 121 (holding that, where the court was merely left with his various arguments in favor of resentencing, but the petitioner had already served his prison term and been removed from the United States, that release and removal rendered all issues regarding sentencing moot).  Therefore, a dismissal on the grounds of mootness appears the most appropriate at this juncture.

However, being not apprised of all circumstances of Petitioner's life, this Court cannot rule out the possibility that, if Petitioner is provided with an notice an an opportunity to respond, he might establish a tangible benefit of this Court's resolving this matter on the merits.  Therefore, out of an abundance of caution, the Court will direct Petitioner to show cause as to why this matter should not be dismissed as moot. In the meantime, the Court will retain temporary jurisdiction over this matter while directing the Clerk to administratively terminate it for the purposes of docket management.  See Papotto

v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings . . . are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund").

   IT IS, therefore, on this **27th** day of **February 2014**,

   **ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

   **ORDERED** that Petitioner may have this matter reopened in the event, within thirty days from the date of entry if this Memorandum Opinion and Order, he files and serves upon Respondent a written statement showing cause as to why this matter should not be conclusively closed on the grounds that his challenges have been rendered moot by his release/removal; and it is further

   **ORDERED** that, in the event Petitioner timely files and serves such written statement, Respondent shall file and serve upon Petitioner Respondent's position statement. Such filing and service shall be executed within thirty days from the date of service of Petitioner's written statement; and it is further

   **ORDERED** that the Court retains jurisdiction over this matter for the period of ninety days; and it is finally

**ORDERED** that the Clerk serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and upon Respondent by means of electronic delivery.

<pre>
                                    s/Renée Marie Bumb
                                    <b>RENÉE MARIE BUMB
                                    United States District Judge</b>
</pre>